LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-03148 GAF (OPx) | Date | June 1, 2012 |
|---|---|---|---|
| Title | Jesus L Corrales v. Chase Home Finance LLC et al | | |

Present: The Honorable **GARY ALLEN FEESS**

| Renee Fisher | None | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

None  None

**Proceedings:** **(In Chambers)**

### ORDER TO SHOW CAUSE RE: DIVERSITY JURISDICTION, DISMISSING EXCESS DOES

On April 11, 2012, Plaintiff Jesus Corrales filed this suit against Defendants Chase Home Finance, LLC ("Chase Home Finance"), JP Morgan Chase Bank, N.A. ("Chase Bank"), and Does 1-50 ("Does"), asserting various state law causes of action and seeking monetary damages, declaratory relief, and restitution. (Docket No. 1, Compl.) The complaint seeks to lay jurisdiction on the basis of diversity of citizenship, 28 U.S.C. § 1332(a). (Id. ¶ 17.) However, for the reasons set forth below, the Court cannot presently determine the citizenship of all parties. Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE** as to why this case should not be dismissed for lack of subject matter jurisdiction. Moreover, pursuant to Local Rule 19-1, the Court **DISMISSES** Doe Defendants 11-50, inclusive.

**A. DIVERSITY JURISDICTION**

Federal courts are courts of limited jurisdiction, and the burden of establishing jurisdiction rests upon the party asserting it. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "[A] court may raise the question of subject matter

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-03148 GAF (OPx) | Date | June 1, 2012 |
|---|---|---|---|
| Title | Jesus L Corrales v. Chase Home Finance LLC et al | | |

jurisdiction, sua sponte, at any time during the pendency of the action . . . ."  Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002); see also United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 966 (9th Cir. 2004) (court has duty to establish subject matter jurisdiction over action sua sponte, whether the parties raise the issue or not).

Federal courts have jurisdiction on the basis of diversity of citizenship if the amount in controversy exceeds $75,000 and if the matter is between citizens of different states.  28 U.S.C. § 1332(a).  "Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity, i.e. every plaintiff must be diverse from every defendant."  Osborn v. Metropolitan Life Ins. Co., 341 F. Supp. 2d 1123, 1126 (E.D. Cal. 2004).

A person's state of citizenship is "determined by her state of domicile, not her state of residence."  Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  A corporation is a "citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332(c)(1) (emphasis added). National banking associations are "deemed citizens of the States in which they are respectively located," 28 U.S.C. § 1348, and are deemed to be "located" in the state(s) in which their main offices, as set forth in the articles of incorporation, are located.  Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303, 307 (2006).  "[A]n LLC is a citizen of every state of which its owners/members are citizens." Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006).

Plaintiff has failed to properly allege citizenship for himself and for Defendant Chase Home Finance.  First, Plaintiff alleges only that he is a "resident" of California.  (Compl. ¶ 5.)  Allegations of residence, however, are insufficient to establish diversity jurisdiction.  Residence is distinct from citizenship, and federal jurisdiction based on diversity requires allegations as to the **citizenship** of all parties.  Kanter, 265 F.3d at 857.  Second, while Plaintiff alleges that Defendant Chase Home Finance is a Delaware corporation, he makes no allegation as to the Defendant's principal place of business.  (Compl. ¶ 9.)  The Court is therefore unable to conclude that complete diversity exists in this case.

Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE no later than 5:00 p.m. on Friday, June 8, 2012**, as to why the Court should not dismiss this case for lack of subject matter jurisdiction.  **Failure to respond by this deadline will be deemed consent to dismissal of the action.**

LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-03148 GAF (OPx) | Date | June 1, 2012 |
|---|---|---|---|
| Title | Jesus L Corrales v. Chase Home Finance LLC et al | | |

### B. EXCESS DOES

Pursuant to Local Rule 19-1, no complaint or petition shall be filed that includes more than ten (10) Doe or fictitiously named parties. Here, Plaintiff has filed suit against fifty (50) Doe parties. Accordingly Doe Defendants 11-50 are **DISMISSED**.

**IT IS SO ORDERED.**